IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CORNELL COOPER BROWN,**<br><br>                                                   Petitioner,<br><br>       v.<br><br>**JEANNE WOODFORD,**<br><br>                                                   Respondent. | 1:05-cv-01029-AWI-TAG HC<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT**<br><br>**(Doc. 31)** |

    On July 16, 2007, Respondent filed an answer. (Doc. 21). On August 2, 2007, Petitioner filed a request for an extension of time within which to file his Traverse. (Doc. 24). Petitioner also requested that, in lieu of his requested ninety day extension, the Court issue the orders in three separate orders of thirty days each. (Doc. 26). On August 28, 2007, the Court granted Petitioner a thirty-day extension of time to file the Traverse, but denied his request to issue three separate thirty-day orders. (Doc. 29). On August 27, 2007, Petition filed a second motion to extend time, which was denied on September 18, 2007. (Docs. 27, 30). On September 17, 2007, Petitioner filed the instant motion, entitled "Motion to Amend Judgment," requesting that the Court reconsider its order denying Petitioner's request to issue three separate thirty-day extensions of time. (Doc. 31). In support thereof, Petitioner again sets forth his reasoning for the request, pointing out the limitations imposed on prisoners for obtaining access to the prison law library.

    As it had with Petitioner's previous requests, the Court has read and considered Petitioner's reasons for requesting three separate orders. However, it is not the policy of this Court to grant

///

multiple requests for extensions of time.  First, in order to accommodate Petitioner's request, the Court would have to calendar and track each extension period and then issue the appropriate order at the appropriate time.  In turn, this would require the Court to engage a separate calendar for Petitioner, apart from all of the other habeas duties the Court already has in place for other habeas petitioners.  This the Court declines to do.

Second, Petitioner's situation is not unique.  All state prisoners suffer the same limited access to prison legal services as does Petitioner.  To grant Petitioner's motion would require that the Court similarly accommodate all other habeas petitioners having similar requests.  In light of the practical difficulties mentioned above in tracking multiple extension requests for one petitioner, the Court declines to employ a procedure requiring it do perform similar functions for the literally hundreds of habeas petitioners currently on the Court's docket.  To do so would be overly burdensome and onerous for the Court, given its limited resources and staff.  Thus, the Court will continue to enforce its policy of granting only one thirty-day extension at a time and only when good cause for such extension is shown.

Accordingly, the Court HEREBY ORDERS that Petitioner's Motion to Amend Judgment (Doc. 31), is DENIED.

IT IS SO ORDERED.

Dated:   **September 26, 2007**                             **/s/ Theresa A. Goldner**
                                                                            UNITED STATES MAGISTRATE JUDGE