IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CORNELL COOPER BROWN,**<br><br>                                              Petitioner,<br><br>      v.<br><br>**JEANNE WOODFORD,**<br><br>                                              Respondent. | 1:05-cv-01029-AWI-TAG HC<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS (Doc. 35)** |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on August 10, 2005. (Doc. 1). On July 16, 2007, Respondent filed an answer. (Doc. 21). On October 15, 2007, Petitioner filed a traverse. (Doc. 33). On November 19, 2007, Petitioner filed the instant motion for stay of proceedings, contending that there are unspecified issues that he wishes to exhaust in state court before this Court rules on his petition. (Doc. 35).

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or

1  harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated
2  that it is proper for a district court, in its discretion, to hold a petition containing only exhausted
3  claims in abeyance in order to permit the petitioner to return to state court to exhaust his state
4  remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875,
5  882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134
6  F.3d 981.

7       Notwithstanding the foregoing, until recently, federal case law continued to require that the
8  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v.
9  Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court
10 decided Rhines v. Weber, 544 U.S. 269 (2005).   Recognizing that "[a]s a result of the interplay
11 between AEDPA's 1-year statute of limitations[1/] and Lundy's dismissal requirement, petitioners
12 who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity
13 for any federal review of their unexhausted claims," the Supreme Court held that federal courts
14 may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to
15 exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at
16 276-277.

17      In so holding, the Supreme Court noted that the procedure should be "available only in
18 limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only
19 when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims
20 are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive
21 litigation tactics or intentional delay."  Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149
22 (9th Cir. 2005).  When a petitioner has met these requirements, his interest in obtaining federal
23 review of his claims outweighs the competing interests in finality and speedy resolution of
24 federal petitions.  Rhines, 544 U.S. at 278.

25      Here, Petitioner wishes to exhaust additional grounds in state court. Applying the Rhines
26 standards, the Court concludes that it must deny Petitioner's motion for stay without prejudice.

---

28    1. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

First, the Court cannot find that good cause exists for Petitioner's failure to exhaust the prospective new claims.  Petitioner does not explain why he waited for over two years after filing his petition, after the filing of Respondent's answer, and after the filing of a his traverse, to bring the instant motion.  Petitioner merely indicates that his access to the prison law library has been limited.  This, however, is a circumstance shared by virtual all state prisoners who file habeas petitions in this Court.  It is not an excuse for waiting several years to request a stay of proceedings.

Moreover, in his motion Petitioner has not listed the grounds he intends to exhaust in state court; therefore, the Court cannot determine whether those grounds are "plainly meritless" under Rhines. 544 U.S. at 277-278.  Rather, he alludes to the fact that one claim relates to perjury by a trial witness.  Such vague references are insufficient to permit the Court to conduct the analysis required by Rhines.

Finally, given the present state of this case, a stay of proceedings to exhaust new issues would delay the final resolution of this case by, quite probably, several years, given the speed with which the California Supreme Court resolves state habeas petitions and the need for Respondent to then file a supplemental response to the new issues.  Petitioner has provided the Court with no basis to conclude at this point that the proposed new claims are meritorious, nor has Petitioner provided any justification for finding that his need to present new but unspecified claims outweighs the Court's interest in a prompt resolution of the pending petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 35), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 13, 2008**                           **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE