UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CORNELL COOPER BROWN, | ) | 1:05-CV-01029 AWI JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| v. | ) | RECONSIDERATION |
| | ) | (Doc. 37) |
| JEANNE WOODFORD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 19, 2007, Petitioner moved the court to stay proceedings for the purpose of exhausting unspecified additional claims in state court. On February 13, 2008, the Court issued an order denying Petitioner's motion to stay proceedings.

On March 10, 2008, Petitioner filed a motion for relief from judgement or order citing to Federal Rule of Civil Procedure 60 (b)(6).

**I.      Motion for Reconsideration**

Federal Rule of Civil Procedure 60 (b) governs the reconsideration of "a final judgment, order, or proceeding" of the district court. Id. The rule permits a district court to relieve a party from a final order or judgement on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (6) any other reason that justifies relief." Id.

Motions to reconsider are committed to the discretion of the trial court. Barber v. Hawaii, 42 F.3d 1185, 118 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.

1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not previously raised in original briefs.  Northwest Acceptance Corp v. Lynwood Equip., Inc., 841 F.2d 918, 925-926 (9th Cir.1988).  Nor should reconsideration be used to ask the Court to rethink what it has already given careful consideration to.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1981), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert denied, 486 U.S. 1015 (1988).

The Ninth Circuit has previously concluded that, "[c]lause 60(b) is residual and 'must be read as being exclusive of the preceding clauses.' " LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.' " Id.

Moreover, when filing a motion for reconsideration, Local Rule 78-230 (k) requires a party to present "(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and; (4) why the facts or circumstances were not shown at the time of the prior motion."

In the present case, the Court finds that the above standards have not been met.  Petitioner's motion for reconsideration of the trial court's denial to stay proceedings fails to allege any new or different facts or circumstances that did not exist prior to Petitioner's motion to stay proceedings. Petitioner raises the same arguments in his motion for reconsideration (prosecutorial misconduct, perjured testimony, and manipulation of evidence) that he cited in his motion to stay proceedings. (Docs. 35 and 38).

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     September 11, 2008            /s/ John M. Dixon**
                                                                    UNITED STATES MAGISTRATE JUDGE