UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CORNELL COOPER BROWN, | ) | 1:05-CV-01029 AWI JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #41] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| JEANNE WOODFORD, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The Magistrate Judge issued a Findings and Recommendation on September 19, 2008, that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On October 8, 2008, Petitioner was granted an extension of thirty days to file his objections. On November 5, 2008, Petitioner filed objections to the Findings and Recommendation.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

1  supported by the record and proper analysis.

2      In addition to the reasons articulated in the Findings and Recommendation, the court finds
3  that the petition filed in this action is so vague, conclusory, and unclear that it fails to state a claim.
4  In federal habeas proceedings the petitioner bears the burden of proving his case. Lambert v.
5  Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th
6  Cir. 1994). The court may deny a habeas corpus petition if the allegations in the petition are vague
7  or conclusory and unsupported by specifics. Blackledge v. Allison, 431 U.S. 63, 74 (1977);
8  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir 1990). Here, Petitioner has failed to elaborate on
9  his claims with specific factual allegations. Petitioner does not include details and relevant
10 citations to the state court record. As such, the petition can be denied on its face as vague and
11 conclusory. Regardless, in this case the Magistrate Judge combed the state record to ascertain the
12 details that are absent from the petition. The court agrees with the Magistrate Judge's analysis and
13 conclusions.

14     In the objections, Petitioner does not object to the Findings and Recommendation. Rather,
15 Petitioner raises two completely new claims for relief: (1) Petitioner was given forced medication
16 against his will during the course of the trial; and (2) Petitioner is actually innocent. These claim
17 were not contained in the petition and not raised before the Magistrate Judge. A new theory cannot
18 properly be raised for the first time in objections to Findings and Recommendations. Greenhow v.
19 Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United
20 States v. Hardesty, 977 F.2d 1347 (9th Cir.1992). The court should not give any consideration to
21 factual assertions that could have been but were not presented to the Magistrate Judge when the court
22 is deciding whether to adopt Findings and Recommendation. Wade v. Liles, 2007 WL 2481881, *2
23 (E.D.Cal. 2007); Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001);
24 Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).
25 "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change
26 their strategy and present a different theory to the district court would frustrate the purpose of the
27 Magistrates Act." Greenhow, 863 F.2d at 638.

28     In addition, Petitioner has failed to provide any evidence in support of his new claims. While

Petitioner claims he was forcibly medicated during the trial, the only medical records provided are from after dates after the trial.  They provide no support for Petitioner's claim concerning forced medication during trial.   In addition, the objections fail to contain sufficient argument or evidence to support Petitioner's actual innocence claim.   Thus, the court has no choice but to deny the petition.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

1 In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 19, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   December 15, 2008**          /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE